```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - x
                                      :
RAFAEL CANDIDO ALMANZAR,
                                      :
             Petitioner,
                                      :
      - v -
                                      :   07 Civ. 9489 (RMB)(GWG)
UNITED STATES OF AMERICA,                 06 Cr. 225 (RMB)
                                      :
             Respondent.
                                      :
- - - - - - - - - - - - - - - - - - - x
```

**MEMORANDUM OF LAW OF THE UNITED STATES OF AMERICA
IN OPPOSITION TO PETITIONER RAFAEL CANDIDO ALMANZAR'S
MOTION UNDER 28 U.S.C. § 2255 TO VACATE OR CORRECT SENTENCE**

                                        MICHAEL J. GARCIA
                                        United States Attorney for the
                                        Southern District of New York

Iris Lan
Assistant United States Attorney
 *Of Counsel*

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
                                    :
RAFAEL CANDIDO ALMANZAR,
                                    :
           Petitioner,
                                    :
     - v -
                                    :   07 Civ. 9489 (RMB)(GWG)
UNITED STATES OF AMERICA,               06 Cr. 225 (RMB)
                                    :
           Respondent.
                                    :
- - - - - - - - - - - - - - - - - - x
```

**MEMORANDUM OF LAW OF THE UNITED STATES OF AMERICA
IN OPPOSITION TO PETITIONER RAFAEL CANDIDO ALMANZAR
MOTION UNDER 28 U.S.C. § 2255 TO VACATE OR CORRECT SENTENCE**

**PRELIMINARY STATEMENT**

The United States of America respectfully submits this memorandum of law in opposition to petitioner Rafael Candido Almanzar's ("Almanzar" or "petitioner") Petition Under 28 U.S.C. § 2255 To Vacate or Correct Sentence (the "Petition").

On June 22, 2006, Almanzar pled guilty without a plea agreement to Indictment 06 Cr. 225 (RMB), which charged ALMANZAR in a single count with illegally reentering and being found in the United States, after being deported subsequent to a conviction for an aggravated felony, namely, a conviction on or about May 9, 1992, in U.S. District Court, Northern District of New York, for conspiracy to possess with intent to distribute cocaine, in violation of Title 8, United States Code, Section 1326(a) and (b)(2).

1

On October 4, 2006, Judge Berman sentenced Almanzar to a term of 57 months' imprisonment, to be followed by a three-year term of supervised release, and imposed a $100 mandatory special assessment. A transcript of the sentencing is attached hereto as Exhibit A. At sentencing, Almanzar was advised by the District Court that he had the right to appeal the sentence.

On October 6, 2006, Almanzar filed a timely notice of appeal, and on February 9, 2007, defense counsel filed a brief in the United States Court of Appeals for the Second Circuit, which is attached hereto as Exhibit B, requesting that a motion be a granted, pursuant to Anders v. California, 386 U.S. 738 (1967), because the record of this case presented no non-frivolous issue for consideration on appeal. On February 23, 2007, the Government submitted a motion for summary affirmance, which is attached hereto as Exhibit C, also arguing that there were no non-frivolous issues for appeal. On April 30, 2007, the Court of Appeals granted both parties' motions in a one-page summary affirmance order, which is attached hereto as Exhibit D. Almanzar is currently serving his sentence.

Almanzar's Petition was filed on or about October 24, 2007. In the Petition, Almanzar contends that he was denied the effective assistance of counsel, relying primarily on two reasons: (1) because his counsel at sentencing "failed to argue a downward departure" based on "time [he] spent in custody

(federal), following the grant of parole in the state case"; and (2) because his counsel then filed an <u>Anders</u> brief, thereby failing to raise the argument that counsel at sentencing was ineffective for failing to seek the departure based on his parole status. (Petition, at 5).

As set forth below, Almanzar's arguments lack merit.

**STATEMENT OF FACTS**

**A.   The Offense Conduct**

Almanzar is a citizen of the Dominican Republic and has never been a citizen of the United States. (PSR ¶¶ 10, 47). On or about December 15, 1986, Almanzar was convicted of criminal sale of a controlled substance in the second degree and was sentenced to three years' to life imprisonment. (PSR ¶ 6). Subsequently, on or about March 10, 1989, Almanzar was lawfully deported. (PSR ¶ 7). Almanzar thereafter returned to the United States, and on or about May 5, 1992, was convicted of illegal reentry and of conspiracy to possess with intent to distribute cocaine, in the United States District Court for the Northern District of New York. (PSR ¶ 8, 9, 37). Almanzar received a sentence of 50 months' imprisonment for this conviction. Subsequently, on or about February 22, 1996, Almanzar was lawfully deported again. (PSR ¶ 10). Almanzar was found back again in the United States after being arrested and charged by the New York City Police Department on or about April 25, 2004,

with criminal possession of a controlled substance in the third degree ("State Narcotics Case"). (PSR ¶ 11). Almanzar was sentenced for his State Narcotics Case on or about August 23, 2005, to three to six years' imprisonment in New York County Supreme Court. (PSR ¶ 11). While he was serving his sentence in this case, Almanzar was transferred into the custody of Immigration and Customs Enforcement on or about May 11, 2006, and released that same day to the custody of the United States Marshal Service. (PSR ¶ 13).

**B.  The Plea**

Prior to Almanzar pleading guilty, the Government provided Almanzar and his counsel with a letter pursuant to this Court's suggestion in United States v. Pimentel, 932 F.2d 1029, 1034 (2d Cir. 1991) (the "Pimentel Letter"), which outlined the Government's view of the application of the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") to this case. In the Pimentel Letter, the Government calculated that Almanzar had a base offense level of eight, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i); that a 16-level increase applied because Almanzar was previously deported after a conviction for a drug trafficking offense for which the sentence imposed exceeded thirteen months; and that pursuant to U.S.S.G. § 3E1.1, a three-level reduction would apply if Almanzar demonstrated acceptance of responsibility, to the satisfaction of the

4

Government, and Almanzar gave timely notice of his intention to enter a plea of guilty. Accordingly, the Government calculated the adjusted offense level to be 21. The Government calculated that Almanzar had six criminal history points, based on: (i) his August 23, 2005 conviction for attempted criminal possession of a controlled substance in the third degree in New York State Supreme Court, New York County, for which Almanzar received a sentence of three to six years' imprisonment; (ii) his May 1992 conviction for conspiracy to possess with intent to distribute cocaine in the United Stats District Court for the Northern District of New York, for which Almanzar received a sentence of 50 months' imprisonment; (iii) his May 1992 conviction for being illegally reentering the United States following deportation, without the consent of the Attorney General, also in the United States District Court for the Northern District of New York, for which Almanzar received a sentence of 50 months' imprisonment; and (iv) his December 1986 conviction for criminal sale of a controlled substance in the second degree in New York Supreme Court, New York County, for which Almanzar received a sentence of imprisonment of three years to life. This placed Almanzar in Criminal History Category III of the Guidelines. An offense level of 21 and a Criminal History Category of III yielded a Guidelines range of 46 to 57 months' imprisonment.

On June 22, 2006, Almanzar consented to entering a

guilty plea before United States Magistrate Judge Kevin Nathaniel Fox.  Before accepting Almanzar's guilty plea, Magistrate Judge Fox conducted a careful and thorough hearing that complied in all respects with Rule 11 of the Federal Rules of Criminal Procedure. On July 10, 2006, Judge Berman accepted Almanzar's guilty plea.

**C.   Almanzar's Sentencing**

Following Almanzar's guilty plea, the Probation Office prepared a Presentence Investigation Report (the "Presentence Report"), which set forth the Probation Office's Guidelines calculation for Almanzar.  Specifically, the Probation Office concluded that Almanzar's total adjusted offense level was 21, but it also found that Almanzar was in Criminal History Category IV, rather than Criminal History Category III, as the Government had indicated in its Pimentel letter.  The difference in this calculation stemmed from the fact that the Government had inadvertently not included two additional points in the criminal history calculation because Almanzar committed the offense in this case while he was on lifetime parole from the 1986 New York State narcotics conviction.  At offense level 21 and Criminal History Category IV, Almanzar's Guidelines range was 57 to 71 months' imprisonment.  (PSR ¶ 3).  The Probation Office recommended a sentence of 71 months' imprisonment, at the top of the applicable range.  (PSR at 16).

On October 4, 2006, the parties appeared before Judge

Berman for Almanzar's sentencing.[1]  Judge Berman, consistent with the Presentence Report, found that Almanzar had a total adjusted base offense level of 21 and a Criminal History Category of IV. See Exhibit A at 3.  Judge Berman also considered Almanzar's request that the District Court impose a non-Guidelines sentence. Id. at 6-8.  Specifically, before imposing sentence, Judge Berman heard extensively from Almanzar's attorney about his request for a downward departure pursuant to the Guidelines and Los Santos. Id. at 10-14.  After remarking on defense counsel's arguments, Judge Berman found that a downward departure under the Guidelines was unwarranted because the delay between Almanzar's arrest for his state crime and his arrest for his federal crime of illegal

---

[1]  Judge Berman received submissions from both parties prior to sentencing.  To summarize, these submissions addressed the defendant's request that the District Court downwardly depart pursuant to Section 5K2.0 and this Court's decision in United States v. Los Santos, 283 F.3d 422, 428 (2d Cir. 2002), to account for the lost opportunity for Almanzar to receive a sentence concurrent with the August 2005 sentence Almanzar received in New York State court for criminal possession of a controlled substance.  Specifically, Almanzar pointed to the 20-month delay between the time Almanzar was arrested for his New York State narcotics offense in 2004 and the time he was arrested for his federal illegal reentry offense in 2006.  The Government pointed out that, under Los Santos, Almanzar was required to demonstrate that the Government acted in bad faith or took an unreasonable amount of time to investigate the offense.  The Government argued that, given the limited length of the delay in this case, and the Government's prompt investigation and charging of the case once it became aware of it, there was no basis to conclude that any delay resulted from bad faith or was otherwise unreasonable.

reentry was not excessive.[2]  Id. at 14-15.

After considering the factors under 18 U.S.C. § 3553, Judge Berman then imposed a sentence of 57 months' imprisonment – rather than the 71 months' imprisonment recommended by the Probation Office and at the bottom of the applicable sentencing range – followed by three years of supervised release, and imposed a $100 mandatory special assessment.  Id. at 15-17.  Judge Berman also assented to Almanzar's request and imposed Almanzar's sentence to run partially concurrent with the defendant's undischarged term of state imprisonment.  Specifically, Judge Berman set the start date of the concurrence as April 24, 2007, which was, at that time, the date that Almanzar would first be eligible for parole for his State Narcotics Case.  Id. at 15.  Indeed, Judge Berman decided that, even if Almanzar were not released in April 2007 (as he was not), the Court would start the concurrence at that point in time and "give him that benefit."  Id.  Almanzar did not object to the sentence imposed.  Id. at 17.

**ARGUMENT**

**A.  Almanzar's Counsel Was Not Constitutionally Ineffective**

Almanzar contends that his counsel was constitutionally ineffective at sentencing because his counsel failed to seek a

---

[2]  Petitioner does not contest Judge Berman's finding on this issue.

"downward departure" so that he would get credit for time spent in state custody beginning on March 22, 2006, the date that Almanzar claims he was granted parole for purposes of deportation in his prior State Narcotics Case.  Almanzar also asserts that his counsel was ineffective on appeal because his counsel filed an <u>Anders</u> brief and therefore failed to argue on appeal that counsel at sentencing had been ineffective for failing to seek the departure.  (Petition, at 5).  Almanzar's claim fails for the reasons set forth below.

A claim that defense counsel was ineffective is evaluated under the two-part standard set forth in <u>Strickland</u> v. <u>Washington</u>, 466 U.S. 668, 687-88, 693-94 (1984).  To prevail, a petitioner must (i) show that his counsel's representation fell below "an objective standard of reasonableness" under "prevailing professional norms," and (ii) "affirmatively prove prejudice." <u>Id.</u> at 687- 88, 693-94; <u>accord.</u> <u>Chang</u> v. <u>United States</u>, 250 F.3d 79, 84 (2d Cir. 2001); <u>Cullen</u> v. <u>United States</u>, 194 F.3d 401, 403 (2d Cir. 1999).  Only if both of these elements are satisfied can the petitioner demonstrate that his "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."  <u>Strickland</u>, 466 U.S. at 687.

Under the first prong of the <u>Strickland</u> test, a reviewing court "'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance,' bearing in mind that '[t]here are countless ways to provide effective assistance in any given case' and that '[e]ven the best criminal defense attorneys would not defend a particular client in the same way.'" United States v. Aquirre, 912 F.2d 555, 560 (2d Cir. 1990) (quoting Strickland, 466 U.S. at 689). Even if the petitioner can overcome this presumption of effectiveness, he must also "affirmatively prove prejudice." Strickland, 466 U.S. at 693. Specifically, the petitioner must show a reasonable likelihood that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 687.

Almanzar fails to satisfy the Strickland test. At the heart of Almanzar's claim is his assertion that he is entitled to an additional 13 months off his current sentence because his counsel should have asked for his sentence in this case to run concurrent with the sentence in his State Narcotics Case beginning on March 22, 2006 (the date the defendant claims he was granted parole) instead of April 24, 2007 (the date Judge Berman found that Almanzar was first eligible for parole). However, Almanzar's understanding of his parole status is incorrect. As explained further below, based on the records that the Government has obtained from New York State, which are attached hereto as Exhibit E, Almanzar has yet to receive parole for his most recent conviction.

As an initial matter, Almanzar misunderstands the significance of the March 22, 2006 date. Although Almanzar's request for "early conditional parole for deportation only" ("ECPDO") was granted on that date, his actual parole did not begin then. Specifically, the granting of an ECPDO request merely allows federal immigration officials to retrieve and deport Almanzar, if they so choose. See Exhibit E at 1. However, in Almanzar's case, federal immigration officials chose not to retrieve Almanzar for deportation because he had an outstanding federal arrest warrant for this instant offense. Id. Furthermore, because of his federal case, Almanzar's ECPDO status was rescinded. Id.

Indeed, Almanzar has already received a significant benefit from Judge Berman's decision to allow Almanzar's state and federal sentences to run concurrently beginning on April 24, 2007. At the time that Judge Berman sentenced the defendant, the earliest date that Almanzar was eligible for parole was April 24, 2007. See Exhibit E at 4. However, on February 21, 2007, Almanzar's parole board held a hearing, during which it denied his request for parole and asked that Almanzar return in February of 2009 for a subsequent parole board hearing. Therefore, the earliest possible date that Almanzar is eligible for parole has changed from April 2007 to February 2009. Accordingly, defense counsel's request to Judge Berman at sentencing that the

11

defendant's state and federal sentences begin running concurrently as of the original April 24, 2007 date was entirely reasonable.  In light of the new February 2009 parole eligibility date, Judge Berman essentially gave the defendant a two-year benefit in granting the defense's request.  Accordingly, it follows that Almanzar cannot demonstrate that his attorney's performance at sentencing was unreasonable.

Likewise, Almanzar cannot demonstrate that his attorney's performance on appeal was unreasonable by filing an Anders brief.  "The filing of an Anders brief does not in itself constitute ineffective assistance of counsel."  Jorge v. United States, 818 F. Supp. 55, 57 (S.D.N.Y. 1993) (citing McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 442-44 (1988)).  Indeed, as the Supreme Court has recognized, "[o]nce the court is satisfied both that counsel has been diligent in examining the record for meritorious issues and that the appeal is frivolous, federal concerns are satisfied . . . ."  McCoy, 486 U.S. at 444.  Therefore, irrespective of the filing of the Anders brief, Almanzar's ineffective assistance of appellate counsel claim is reviewed under the two-prong standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). See Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994) ("Although the Strickland test was formulated in the context of evaluating a claim of ineffective assistance of trial counsel, the same test

is used with respect to appellate counsel."); see also Jorge, 818 F. Supp. at 57; Wallace v. United States, 97 Civ. 2282, 1998 WL 472851, at *4 (S.D.N.Y. Aug. 10, 1998). Based on the record, the Government respectfully submits that Almanzar fails to satisfy either prong of the Strickland test. Almanzar has not shown that his appellate counsel's performance fell below any objective standard. In fact, Almanzar's appellate counsel plainly acted reasonably in filing an Anders brief, as non-frivolous issues warranting appeal do not appear in the record. Further, the Government submits that even if appellate counsel acted unreasonably in the filing of the Anders brief, there is no reasonable probability that Almanzar's proceeding would have had a different result, as the claims articulated by Almanzar in this petition lack merit. Therefore, the Government submits that the Court should reject Almanzar's claim for ineffective assistance of appellate counsel.

**CONCLUSION**

      For the foregoing reasons, the Government respectfully requests that Almanzar's Section 2255 Petition be denied.

Dated:    New York, New York
            January 31, 2008

                                Respectfully submitted,

                                MICHAEL J. GARCIA
                                United States Attorney for the
                                Southern District of New York,
                                Attorney for the United States
                                    of America

                              By:_____/s/_____
                                IRIS LAN
                                Assistant United States Attorney
                                (212) 637-2263

**AFFIRMATION OF SERVICE**

I, Iris Lan, affirm under penalty of perjury as follows:

1. I am an Assistant United States Attorney in the Southern District of New York.

2. On January 31, 2008, I caused a copy of the foregoing to be served on the petitioner by First-Class United States Mail at the following address:

> Rafael Candido Almanzar
> Ogdensburg Correctional Facility
> One Correction Way
> Ogdensburg, NY 13669-2288

Dated:   New York, New York
         January 31, 2008

_____/s/_____
Iris Lan
Assistant United States Attorney
(212) 637-2263