UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
RAFAEL CANDIDO ALMANZAR,                          :

                                                       :      07 Civ. 9489 (RMB) (GWG)
                       Petitioner,                06 Cr. 225
    -v.-                                           :
                                                            REPORT AND
UNITED STATES OF AMERICA,          :      RECOMMENDATION

                                                             :
                     Respondent.
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Rafael Candido Almanzar (also known as Obed Hernandez), an inmate in the Ogdensburg Correctional Facility in Ogdensburg, New York, brings this petition pro se for writ of habeas corpus pursuant to 28 U.S.C. § 2255. Almanzar pled guilty to an indictment charging him with illegally reentering the United States after having been deported subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2). He was sentenced to 57 months in prison. For the reasons stated below, Almanzar's petition should be denied.

I.      BACKGROUND

      Almanzar was arrested and taken into state custody on April 28, 2004 on a drug possession charge. See Verified Response With Affirmation in Opposition & Memorandum of Law, filed Mar. 24, 2008 (Docket # 21 in 06 Cr. 225) ("P. Mem."), at 4; see also Sentence and Commitment Form, dated Sept. 6, 2005 (annexed as Ex. B to P. Mem.) ("P. Mem. Ex. B"). On June 8, 2004, the United States Immigration and Customs Enforcement Agency notified the warden of Rikers Island Prison that Almanzar had been ordered deported. See Immigration Detainer, dated June 8, 2004 (annexed as Ex. A to P. Mem., and as Ex. B to Letter to Hon.

Richard M. Berman, filed Sept. 28, 2006 (Docket # 9 in 06 Cr. 225) ("Sept. 27 Letter")). On September 6, 2005, Almanzar was sentenced in state court to an indeterminate sentence of three to six years in prison. See P. Mem. Ex. B.

On March 10, 2006, Almanzar was indicted in federal court for illegal reentry, see Docket # 1 in 06 Cr. 225, and was arraigned on that indictment on May 18, 2006, see Docket Sheet in 06 Cr. 225. In the meantime, on March 22, 2006, the New York State Parole Board granted Almanzar "early conditional parole for deportation only" ("ECPDO") status. See Letter from Helga Ross to Iris Lan, dated Jan. 25, 2008 (annexed as Ex. E to Memorandum of Law of the United States of America in Opposition to Petitioner Rafael Candido Almanzar's Motion Under 28 U.S.C. § 2255 to Vacate or Correct Sentence, filed Jan. 31, 2008 (Docket # 5 in 07 Civ. 9489) ("Gov't Mem.")); Rande Nezezon Letter to Parole Board, dated Nov. 17, 2006 (annexed as Ex. F to P. Mem.).

Almanzar pled guilty to illegal reentry on June 22, 2006 without a plea agreement. See Order, filed July 10, 2006 (Docket # 6 in 06 Cr. 225). Prior to his sentencing, Almanzar's attorney sent a letter to the Court requesting that the Court "downwardly depart [Almanzar's sentence] 20 months to compensate for [his] lost opportunity to seek a concurrent sentence as a result of the government's dilatory conduct in commencing the instant prosecution." Sept. 27 Letter at 4. Counsel cited United States v. Los Santos, 283 F.3d 422, 428 (2d Cir. 2002), for the proposition that "downward departure is permissible based on 'prosecutorial delay that resulted in a missed opportunity for concurrent sentencing . . . . [if the delay was] either in bad faith . . . . or longer than a reasonable amount of time for the government to have [acted] diligently.'" Sept. 27 Letter at 4 (quoting Los Santos, 283 F.3d at 428). At the sentencing

2

hearing, held on October 4, 2006, defense counsel stated that had Almanzar been charged in federal court for both the drug possession and illegal reentry offenses, he would not have been given two consecutive sentences, as he was in effect being subjected to in this case. Sentencing Transcript (annexed as Ex. A to Gov't Mem.) ("Tr."), at 12. He argued that "the ultimate goal" under United States Sentencing Guidelines § 5G1.3.(C) "is [to] achieve a reasonable overall punishment for the offenses," and that "[i]t is unreasonable to give [Almanzar] a sentence that is way higher than he would have received had he been prosecuted for both these offenses in federal court at the same time." Id. Defense counsel added that the separate state and federal prosecutions also increased Almanzar's criminal history category to IV, whereas it would have been III if "both had been prosecuted at the same time." Id. As an alternative to the requested 20 month departure, defense counsel requested that the federal sentence run concurrently with the undischarged portion of the state sentence. Sept. 27 Letter at 1.

District Judge Richard M. Berman addressed defense counsel's arguments during the sentencing hearing. He noted that the "case is well within the statute of limitations," Tr. 6, and "there does not appear to be any intentional delay on the part of the government," Tr. 6-7. He also stated that "the state sentence and state offense is completely unrelated to the [federal] offense [of] . . . illegal reentry." Tr. 8. Judge Berman stated that he did not "think that there was excessive delay," Tr. 14, and cited several cases in which delays longer than those in Almanzar's case were found acceptable, Tr. 7, 14-15. Judge Berman noted that this was the third time Almanzar was subject to deportation and that the requested departure would not be appropriate in his case because "there is no indication in the record that either of the first two deportations had any impact or effect." Tr. 15. With respect to the running of concurrent sentences, Judge

Berman stated that it was his intention to "start the concurrency [of the sentence] in April of '07, which is the court's understanding [of] the earliest date that [Almanzar] would be eligible for parole on his state offense." Tr. 7. He further stated:

> I tried to give him the benefit of the earliest possible release date from the state offense which, as I say, is separate, entirely separate from the illegal reentry, and if, based on his I guess good behavior in the state sentence, he is, in fact, released in April of 2007, which would be the earliest possible time, that would be my expectation. Even if he weren't, I am going to start the sentence, the concurrence at that point in time and give him that benefit.

Tr. 15. The judge sentenced Almanzar to 57 months in prison, the low end of the guidelines range, Tr. 16, directing that the sentence was "to run concurrent with the unexpired portion of [Almanzar's] state sentence commencing on April 24, 2007," Tr. 18.

Almanzar filed a notice of appeal. See Brief for Appellant Rafael Candido Almanzar Pursuant to Anders v. California, 386 U.S. 738 (1967), dated Feb. 9, 2007 (annexed as Ex. B to Gov't Mem.) ("Anders Brief"), at 1. His counsel on appeal filed a brief with the Second Circuit pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there were no non-frivolous issues on appeal. See Anders Brief. at 9-12. Counsel's appellate brief reviewed Almanzar's plea and asserted that it "was entered in conformity with the requirements of Rule 11." Id. at 9; see also id. at 9-12. Counsel also reviewed Almanzar's sentencing proceeding and asserted that "because no legal error occurred . . . and . . . the length of the sentence was not unreasonable, there is no non-frivolous issue that can be raised on appeal concerning Mr. Almanzar's sentence." Id. at 17-18; see also id. at 12-18. The brief specifically adverted to the argument that trial counsel made regarding United States v. Los Santos, 283 F.3d 422, 428 (2d Cir. 2002), and trial counsel's request for a concurrent sentence. Anders Brief at 15. The Second Circuit granted the Anders motion and dismissed the appeal on February 23, 2007. See Motion

4

Information Statement, dated Apr. 30, 2007 (annexed as Ex. D to Gov't Mem.).

The Pro Se Office of this Court received this petition from Almanzar on October 2, 2007. See Docket # 1 in 07 Civ. 9489 ("Petition").[1]  In his petition, Almanzar claims that he was not provided effective assistance of counsel at sentencing or on appeal. See Petition at 5. The Government filed its brief in opposition on January 31, 2008. See Gov't Mem. Almanzar filed a reply, see P. Mem., and Government responded to that reply by letter, see Letter from Iris Lan, filed Aug. 14, 2008 (Docket # 24). Almanzar submitted additional papers dated May 23, 2008. See Reply in Opposition to the Respondent's Additional Submissions, filed June 9, 2008 (Docket # 23 in 06 Cr. 225) ("May 23 Brief").[2]

II.  APPLICABLE LAW

   A.  Law Governing Review of Section 2255 Petitions

Section 2255(a) of Title 28 of the United States Code provides:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

---

[1] The Court has added page numbers to this document.

[2] The docket in 06 Cr. 225 shows a submission from Almanzar filed on February 4, 2008 (document # 18), which is not contained in the court file. In May 2008, the Court issued an order directing Almanzar to send an additional submission if he wished the Court to consider any arguments not contained in his reply papers, "including those that were contained in his February 4 filing." Order, filed May 6, 2008 (Docket # 6 in 07 Civ. 9489). The additional papers dated May 23, 2008 came in response to this Order. In an letter accompanying the May 23, 2008 submission, Almanzar indicated that in fact he had not made a February filing and that the docket entry so stating must have been a clerical error.

Relief under this statute is available only "for constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (internal quotation marks and citations omitted).

      B.      Law Governing Ineffective Assistance of Counsel Claims

To show ineffective assistance of counsel, a petitioner must satisfy both prongs of the two-part test articulated in Strickland v. Washington, 466 U.S. 668, 687-96 (1984). The Strickland test has been characterized as "rigorous" and "highly demanding." Pavel v. Hollins, 261 F.3d 210, 216 (2d Cir. 2001) (internal quotation marks and citations omitted); see also Bell v. Miller, 500 F.3d 149, 155 (2d Cir. 2007) (comparing a successful ineffective assistance of counsel habeas claim to "thread[ing] [a] needle"). To meet the Strickland standards, a petitioner must show (1) "that counsel's representation fell below an objective standard of reasonableness;" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 688, 694; accord Rompilla v. Beard, 545 U.S. 374, 381, 390 (2005); Pham v. United States, 317 F.3d 178, 182 (2d Cir. 2003). In evaluating the first prong – whether counsel's performance fell below an objective standard of reasonableness – "'judicial scrutiny . . . must be highly deferential'" and the petitioner must overcome the "'presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" Bell v. Cone, 535 U.S. 685, 698 (2002) (quoting Strickland, 466 U.S. at 689).

The standard articulated in <u>Strickland</u> applies to review of the effectiveness of both trial counsel as well as appellate counsel. <u>McKee v. United States</u>, 167 F.3d 103, 106 (2d Cir. 1999); <u>Mayo v. Henderson</u>, 13 F.3d 528, 533 (2d Cir.), <u>cert. denied</u>, 513 U.S. 820 (1994).

III.   <u>DISCUSSION</u>

   A.   <u>Assistance of Counsel at Sentencing</u>

Almanzar's petition states broadly that he was not provided effective assistance of counsel at sentencing because his attorney "failed to argue a downward departure from sentencing guidelines from stipulated sentence of 57 months, reflecting the time [Almanzar] spent in custody (federal), following the grant of parole in the state case." Petition at 5. His attorney in fact made such an argument. Almanzar's actual attack on his attorney's conduct is contained elsewhere in his papers. In an accompanying memorandum of law, Almanzar notes that he was granted ECPDO status on March 22, 2006, and argues that this date should have been used to start the federal sentence rather than the April 2007 date used by Judge Berman. <u>Id.</u> at 14-15; P. Mem. at 5-8, 11-12; May 23 Brief at 1-3. Almanzar argues that because of his attorney's conduct, he "received additional time on his current sentence equating to an additional thirteen months being added onto his state sentence, and was for the most technical sense, was completed without receiving credit towards his federal sentence. Petition at 14. In his reply papers, Almanzar adds: "Petitioner contends that he asked counsel at sentencing to let the court know that he had already been granted parole on the State charge as of March 22, 2006, and counsel failed to perform his duty enjoined; instead he told Petitioner to write to the Bureau of Prisons." P. Mem. at 5. Almanzar further notes that Judge Berman wanted to give him "the benefit of an earliest possible release date from the State offense." <u>Id.</u> at 6.

7

Defense counsel's failure to argue that Almanzar's "earliest possible release date" from state custody was March 22, 2006 and not April 24, 2007, does not fall below an objective standard of reasonableness. Unlike "standard parole," an ECPDO does not constitute a "release" from custody, because the release is statutorily conditioned upon the inmate being taken into physical custody by federal immigration authorities and deported. See <u>Duamutef v. Immigration and Naturalization Service</u>, 386 F.3d 172, 179-80 (2d Cir. 2004); <u>Rizo v. Smith</u>, 2004 WL 2360039, at *1 n.5 (W.D.N.Y. Oct. 20, 2004) ("[T]he New York State Legislature amended Executive Law § 259-i(2)(d) to allow the Parole Board to consider granting parole for the limited purpose of deportation at any time after a defendant has commenced his sentence. . . . An inmate who receives CPDO is <u>not actually released from custody</u>. Rather he remains in state prison until [federal immigration officials] take[] custody of him." (emphasis added)). The governing statute specifically provides that if the inmate is not deported, he must be returned to state custody. Executive Law § 259-i(2)(d)(ii). Given Judge Berman's apparent intent to start the federal sentence at the earliest time Almanzar would have been "released" – normally denoting release into the community, not into federal custody for purposes of deportation – it was reasonable for defense counsel to decide not to raise at sentencing the granting of ECPDO status.

In any event, there is not a reasonable probability that, had the existence of the ECPDO date been pointed out to Judge Berman, the result of the proceeding would have been different. It is clear that Judge Berman was prepared to begin Almanzar's federal sentence on the date Almanzar was predicted (at the time of the federal sentencing) to be released from prison – not the date on which the State was prepared to release him on the condition that he be deported. Because there was not a reasonable probability that Judge Berman would have set the ECPDO

8

date as the beginning of Almanzar's federal sentence, the ineffective assistance of counsel claim fails for this reason as well.

  B. <u>Assistance of Counsel on Appeal</u>

Almanzar also claims that his appellate counsel was "deficient for not raising the issue of ineffective assistance of defense counsel on appeal following defense counsel['s] failure to raise [the] argument . . . [for a] downward departure." Petition at 5. Because there was no ineffective assistance of counsel at the trial court level, however, appellate counsel cannot be faulted for failing to raise the claim at the appellate level. <u>See</u>, <u>e.g.</u>, <u>Rolling v. Fischer</u>, 433 F. Supp. 2d 336, 351 (S.D.N.Y. 2006) ("there can be no claim of ineffective assistance of appellate counsel where the underlying claims of ineffective assistance of trial counsel are themselves meritless").

<u>Conclusion</u>

  Almanzar's petition should be denied.

## **PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report and Recommendation to serve and file any objections. <u>See</u> <u>also</u> Fed. R. Civ. P. 6(a), (e). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Richard M. Berman, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Berman. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

Dated: September 2, 2008
      New York, New York

                                            GABRIEL W. GORENSTEIN
                                            United States Magistrate Judge

Copies sent to:

Obed Hernandez
a/k/a Rafael Candido Almanzar
05-R-3939
Ogdensburg Correctional Facility
One Correction Way
Ogdensburg, New York 13669-2288

Iris Lan
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007

10